In the Matter of the Estate of HARRY G. SMITH, Deceased.

Surrogate's Court, New York County, August 21, 1935.

*Charles Eisenhauer*, for the petitioner.

*David M. Neuberger*, for the respondents (formerly represented by *Jesse H. Barkin*).

DELEHANTY, S. By decision filed May 22, 1935, an account was directed to be filed in this estate on the application of next of kin of deceased. Respondents sought denial of the order prayed for, alleging that petitioner is not a party interested in deceased's estate. Whether petitioner is a party in interest depends on the effect and meaning of an oral will of deceased probated in this court.

This oral will says: " If anything happens to me I want my war risk insurance money to go to my aunt, Mary A. Smith." By the decision heretofore made this was held to be a designation of Mary A. Smith as beneficiary of the installments accruing on the war risk policy during her life; and it was held not to be a gift to Mary A. Smith of the remainder interest in the policy if she died before receiving all the installments payable under the policy.

Mary A. Smith is dead and her representatives claim as an asset of her estate the commuted value of the unpaid installments. This claim was held unsound by the prior decision and such commuted value was held to be an asset of the estate of Harry G. Smith.

Reargument is asked and assertion is now made that *United States* v. *Mallery* (48 F. [2d] 6), cited by the court in support of the ruling, is authority to the contrary. The requested re-examination of the problem has been made and the court adheres to the original decision.

The will construed in *United States* v. *Mallery* (*supra*) is set forth in the petition for probate as follows: " If I should not come back I want my father and mother, and no one else but them, no matter what happens, to get all I have coming from the government, and I want to tell this to enough of you boys from around home so some of you will go back to tell what I want, in case I don't." (*Matter of Mallery*, 127 Misc. 784, 785.)

It is obvious on comparison of the respective texts that the will of deceased here for consideration is far less explicit than that construed by the Circuit Court of Appeals (L. HAND, SWAN, AUGUSTUS N. HAND, JJ.) in *United States* v. *Mallery* (*supra*). This distinguished bench held that the Mallery will was a designation of beneficiary to receive monthly installments only. In that case the deceased soldier had already actually designated his father and mother as beneficiaries each of $5,000 of the total insurance. The mother died some years after her son. The question was squarely presented to the Circuit Court whether the commuted value of the unpaid installments of the $5,000 directed in the original designation of the soldier to be paid to his mother went to the father and mother as legatees under the soldier's will quoted above, or whether the father as successor beneficiary designated by the will was entitled to the monthly installments so long as he lived. As stated, the court held that the will effected a designation of beneficiary only.

The court did not overlook the possibility of the father's death before exhaustion of the installment payments. The court said, " should the father die before receiving full payment of the insurance, unmatured installments, since there is no other designated beneficiary, will apparently, though the question is not now before us, fall into the son's estate." When the case is so analyzed it is apparent that the authority of the highest Federal court of this district (construing a Federal statute) supports the conclusion of this court.

Note should be made of the fact that this soldier had made no original designation of beneficiary of his insurance. Except for the designation by will of his aunt, she would have received only her ratable share of his estate including the proceeds of this insurance. She accepted the will as a designation of her as beneficiary and received the monthly installments as long as she lived.

As was stated in the original decision, this soldier was thinking of his aunt as an individual. He had no concept of her ultimate

impersonal estate. He was thinking of her as a sentient human being who needed food, clothing and shelter. Within his capacity he provided these out of the installments payable to her as long as she lived. That was all he intended for her. That was all he did in fact by his will. The commuted value of the unpaid installments belongs to his estate.

Motion for reargument granted and original decision confirmed. Submit, on notice, order accordingly.